**FILED**

JUN 1 4 2007

CLERK
NORTHERN ... COURT
... CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY L. HOLLOWAY,<br><br>    Plaintiff,<br><br>v.<br><br>C. COHEN ET AL,<br><br>    Defendants. | Case No.: C-00-20644 JW  PVT<br><br>**ORDER GRANTING MOTION TO COMPEL FURTHER DEPOSITION OF PLAINTIFF** |

I. **INTRODUCTION**

Plaintiff Jeffrey L. Holloway ("Plaintiff") brought this action alleging violations of his civil rights arising out of an altercation between a group of inmates and correctional officers occurred at Salinas Valley State Prison (SVSP) on November 26, 1998.[1] Plaintiff alleges that the force used by the correctional officers was excessive and that he was placed and retained in cruel and unusual conditions of confinement in violation of the Eighth Amendment.

On or about October 6, 2006, all Defendants jointly noticed the deposition of Plaintiff. On October 30, 2006, Virginia Papan, counsel for Defendants Cohen, Garner, Lewis, Boles, Hughes, Tovar, Oleyer, Harris, and Whitehead took Plaintiff's deposition at the California State

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Prison in Lancaster, California. Mr. Eugene Elliot, counsel for Defendant Faulkner, was not able to attend the deposition due to complications relating to his application for entry into the prison. (See Letter from Eugene Elliot dated October 30, 2006, Docket No. 183, Elliot Declaration, Docket No. 196). Mr. Elliot asked Ms. Papan to postpone the deposition, but Ms. Papan declined, explaining that she could not because the discovery period was set to close on October 30, 2006.[2] On November 15, 2006, Defendant Faulkner filed a Motion to Compel Plaintiff's Deposition and to Preclude the Use of the First Deposition Against Defendant Faulkner. For the following reasons, Defendant Faulkner's Motion to Compel Plaintiff's Deposition is Granted and the Motion to Preclude Use of the First Deposition Against Defendant Faulkner is Denied Without Prejudice.

## II. DISCUSSION

### A. Defendant Faulkner Is Entitled to Depose Plaintiff

Defendant Faulkner argues that it is critical for him to be able to take Plaintiff's deposition because Plaintiff has raised serious allegations of wrongdoing against Defendant Faulkner. Additionally, counsel for Defendant Faulkner argues that, through no fault of his own, he was precluded from participating in the original deposition.

Rule 30(d)(2) provides: "Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours. The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2). In this case, Defendant Faulkner did not have an opportunity to conduct any examination of Plaintiff. Moreover, the prison impeded the examination by Defendant Faulkner by failing to process the application in a timely manner. Accordingly, additional time is needed for a fair examination of the deponent.

### B. The Motion to Preclude Use is Premature

Defendant Faulkner also sought to preclude use against him of any testimony from the original deposition. At this time, it is premature to rule on this request. Accordingly, the motion

---

[2] By Order dated December 15, 2006, Judge Ware vacated the discovery deadline.

to preclude use is denied without prejudice to Defendant Faulkner raising the issue at a later date.

### C. Plaintiff's Request for Sanctions is Denied

In opposing the further deposition, Plaintiff sought sanctions against Defendant Faulkner for failing to attend the deposition. Plaintiff argues Defendant Faulkner unreasonably delayed his application to enter the prison. Defense Counsel Mr. Elliot did not submit his application for permission to enter the prison until October 24, 2006. At first Mr. Elliot was informed that it was likely that the application would be processed in time. (Elliot Decl. ¶ 5.) However, on October 27, 2006, Mr. Elliot was advised that the application would not be processed in time. Mr. Elliot asked for a continuance and tried to arrange to appear by videoconferencing. (Elliot Decl. ¶ 8.) All of his efforts were to no avail and the deposition went forward without Mr. Elliot. The Court finds that, although Mr. Elliot could have applied in a more timely manner, his behavior in trying to gain admittance, appearance though videoconferencing, or a continuance was reasonable. Accordingly, Plaintiff's request for sanction against Defendant Faulkner is Denied.

### D. Plaintiff's Duty to Answer Deposition Questions

The Court is informed that Plaintiff refused to answer certain questions at his first deposition based on his objection that the questions were not relevant. A deponent may object on the basis of relevance, but may not refuse to answer the questions based on that objection. *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000).

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Faulkner's Motion to compel the deposition of Plaintiff is Granted;
2. The Deposition shall take place no later than August 31, 2007;
3. The Deposition by Mr. Elliot shall take no more than three hours and shall not be unreasonably duplicative of the prior deposition;
4. Plaintiff shall cooperate fully and shall not impede the depositions. Plaintiff is cautioned that he may not refuse to answer questions on the

basis that he believes the information is not relevant. Plaintiff may object as to relevance, but he must answer the questions. Plaintiff is reminded that, in this civil matter, he is not entitled to have counsel present at the deposition;

5. The parties may contact Judge Trumbull's Chambers at 408-535-5438 for any disputes that occur during the deposition, pursuant to Civil Local Rule 37-1(b);

6. Ms. Papan may reopen her deposition for the sole purpose of obtaining the answers to the questions Plaintiff refused to answer at the first deposition on the basis of relevance and any new matters that arise from Mr. Elliot's deposition;

7. Plaintiff's Request for Sanctions is Denied.

Dated: June 14, 2007

PATRICIA V. TRUMBULL
United States Magistrate Judge

copies mailed on 6/14/07 to:

Jeffrey L. Holloway
H-75604
State Prison
P. O. Box 799003
San Diego, CA 92179-9003

_Corinne Lew_
CORINNE LEW
Courtroom Deputy

ORDER, *page 5*