IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY L. HOLLOWAY,<br><br>           Plaintiff,<br><br>  vs.<br><br>C. COHEN, Et al.,<br><br>           Defendants. | No. C 00-20644 JW (PVT) (PR)<br><br>**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING PLAINTIFF'S FURTHER DEPOSITION**<br><br>(Docket nos. 188, 248) |

This is a civil rights action filed by Jeffrey L. Holloway, a California state prisoner proceeding pro se and in forma pauperis.[1] On December 15, 2006, the Court issued an order referring the case to Magistrate Judge Trumbull, as follows:

> In light of Plaintiff's pro per and incarcerated status, the large number of Defendants and the different attorneys representing their interests, and the complexity and number of pending discovery motions, the Court finds that it is in the interests of justice to REFER the discovery matters to a Magistrate Judge for decision. Therefore, the prior discovery and motions schedule set out in the Court's Order of August 30, 2006 is hereby VACATED, and a temporary STAY on further discovery is entered until these matters can be resolved (and, if necessary, a new discovery schedule set) by the Magistrate Judge. Accordingly, Plaintiff's request for a stay of discovery is GRANTED. (Docket no. 179.)

Order at 2 (docket no. 223).

On February 16, 2007, the Court issued an order referring the case to Magistrate Judge Vadas for settlement proceedings. With respect to the Court's earlier referral of discovery matters to Magistrate Judge Trumbull, the order stated:

> All further discovery-related proceedings before Magistrate Judge Trumbull are hereby **STAYED** until settlement proceedings are concluded. The current stay on discovery and the filing of dispositive motions that was entered in the Court's order of December 15, 2006 remains in effect.

---

[1] The case has a lengthy procedural history, and the Court repeats here only those facts relevant to the present objections filed by Plaintiff.

P:\PRO-SE\SJ.JW\CR.00\Holloway20644.OrderDenyingObjections.PVT.ECK

Order at 2 (docket no. 238).

On June 14, 2007, Magistrate Judge Trumbull issued an order granting Defendant Faulkner's motion to compel Plaintiff's deposition.  (Docket no. 247.)  This motion was filed on November 15, 2006, after Mr. Elliot (Defendant Faulkner's counsel) was unable to attend the October 30, 2006 deposition scheduled by the other defendants in this action.  Plaintiff opposed the motion.  In granting the motion, Magistrate Judge Trumbull found that additional time was needed for Defendant Faulkner to depose Plaintiff, and that he was entitled to do so under Rule 30(d)(2) of the Federal Rules of Civil Procedure.  Defendant Faulkner was ordered to depose Plaintiff no later than August 31, 2007.  (Order at 3.)  The order also allows Ms. Papan, counsel for the other defendants, to reopen her deposition "for the sole purpose of obtaining the answers to the questions Plaintiff refused to answer at the first deposition on the basis of relevance and any new matters that arise from Mr. Elliot's deposition."  (Order at 4.)

Plaintiff has now filed objections to the order on the following grounds: (1) Magistrate Judge Trumbull was without authority to enter the order because the Court's February 16, 2007 order referring Plaintiff's case for settlement entered a stay on all further discovery-related proceedings; and (2) Magistrate Judge Trumbull's order does not address Plaintiff's earlier-filed motion for a protective order to prevent certain questioning of him by defense counsel, and it does not address plaintiff's motion to compel defendants' depositions.

Under Rule 72(a) of the Federal Rules of Civil Procedure, a party may file objections to a magistrate judge's determination of non-dispositive pretrial matters.  "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

The Court finds that Plaintiff's objections are without merit, and will not modify or set aside Magistrate Judge Trumbull's order.  First, Magistrate Judge Trumbull did not act outside the scope of her authority in issuing the order.  The Court's referral of discovery matters to her contemplated that she would take such action as was required to either resolve the pending discovery disputes or set a

P:\PRO-SE\SJ.JW\CR.00\Holloway20644.OrderDenyingObjections.PVT.ECK

new discovery schedule.  The Court's purpose in entering a stay on all further discovery-related matters was to prevent the parties from continuing to file discovery motions when the numerous motions already pending had not yet been resolved.  It was not the Court's intention to limit the authority of Magistrate Judge Trumbull to resolve pending matters as necessary to facilitate the efficient litigation of this action, which is now more than seven years old.  The Court's referral of the case for settlement proceedings also did not limit Magistrate Judge Trumbull's authority to address discovery matters as necessary to facilitate those proceedings.

Magistrate Judge Trumbull found good cause to grant Defendant Faulkner's motion to compel Plaintiff's deposition, and the Court finds no error in this ruling.  Plaintiff objects that the order does not address his own motion for a protective order to prevent him from having to answer certain deposition questions.  Inherently, however, the order does.  It makes clear that Plaintiff must answer all questions he objects to on relevance grounds.  It also makes clear that if any disputes arise during the deposition, the parties may contact Magistrate Judge Trumbull to resolve those disputes, which is precisely what Rule 30(d), upon which Plaintiff relies, contemplates.  Finally, Plaintiff objects that the order does not address his own motion to compel defendants' depositions.  A ruling on Plaintiff's motion was not necessary in order for Magistrate Judge Trumbull to order Plaintiff's deposition.

Accordingly, Plaintiff's objections to Magistrate Judge Trumbull's order granting Defendant Faulkner's motion to compel Plaintiff's further deposition are DENIED.

This order terminates docket numbers 188 and 248.

IT IS SO ORDERED.

DATED:	July 25, 2007

_____
JAMES WARE
United States District Judge

P:\PRO-SE\SJ.JW\CR.00\Holloway20644.OrderDenyingObjections.PVT.ECK

3